## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MY SISTERS AND ME, LLC, an Illinois
Limited Liability Company D/B/A FRANKIE'S
ON THE PARK A/K/A FRANKIE'S

           Plaintiff,

v.

FRANCESCA'S ACQUISITION LLC, d/b/a
FRANCESCA'S AND FRANKI,

           Defendant.

Case No.   21-CV-6227

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN AND UNFAIR AND DECEPTIVE TRADE PRACTICES**

## COMPLAINT

Plaintiff, My Sisters and Me, LLC d/b/a Frankie's On the Park a/k/a Frankie's

("Plaintiff" or "Frankie's"), as and for its complaint against Francesca's acquisition LLC, d/b/a

Francesca's and Franki ("Defendant", "Francesca's" or "Franki") hereby alleges as follows:

## NATURE OF THE CASE

1.      This is an action by Frankie's, a well-regarded and innovative retail and

ecommerce marketer of fashion clothing for girls and tweens. Frankie's established its retail

store in 2008, more than 13 years ago, under the FRANKIE'S ON THE PARK ® trademark.

Frankie's has always emphasized the FRANKIE'S component of mark, using FRANKIE'S in

lower case letters, and far more prominently than On the Park:



2.      From one store in Chicago, Illinois, Frankie's has become known as simply FRANKIE'S, the premier nationwide ecommerce site for girls and tweens.  Frankie's has developed substantial common law trademark rights in the FRANKIE'S mark through it use of FRANKIE'S, FRANKIE'S ON THE PARK and other FRANKIE'S-formatives such as FRANKIE'S Girls, FRANKIE'S Fashionistas, FRANKIE'S Squads, FRANKIE'S Finds, FRANKIE'S Exclusives and FRANKIE'S Fashion Camp, which all reinforce the connection between FRANKIE'S and its retail, retail pop up and ecommerce services, and social media persona.  As a result, FRANKIE'S has established a valuable niche in the $33 billion girls tween clothing market and become synonymous with high quality tween fashion and lifestyle.

3.      Francesca's, a fashion retailer, has, within the last two weeks, launched FRANKI as a standalone brand of retail and ecommerce stores, and associated social media accounts, that are specifically targeted for the girls tween market.  FRANKIE'S and FRANKI are marks which are virtually identical in sound, look and appearance-- simply too close to co-exist in the exact same market targeting to tweens:



Francesca's use features FRANKI (in large lower case letters, just like FRANKIE'S, utilizing "by francesca's" very small font).   On November 15, 2021, Francesca's also launched the www.frankishop.com web site, which does not include "francesca's" in its name at all.

4.     Francesca's extensive launch of FRANKI as a standalone retail and ecommerce brand and Frankishop as a website threatens irreparable and substantial harm through forward and/or reverse confusion, unfair competition and false designation of origin with respect to the trademark rights and goodwill that Frankie's has created as a result of its substantial investment of time and resources over the past 13+ years.

5.     After learning on November 5, 2021 of Francesca's launch plans, Frankie's notified Francesca's on November 9, 2021 of its concerns and objection to the use of Franki as a standalone competitive retail, ecommerce, and social media brand.   The parties have not been able to resolve the matter amicably, and Francesca's has been non-responsive, thus forcing Frankie's to pursue its claim or face substantial irreparable harm over the critical Holiday season. Frankie's seeks to avoid the irreparable and substantial financial harm caused by the likelihood of confusion and reverse confusion between Frankie's and Franki.

## JURISDICTION AND VENUE

6.     The claims set forth herein arise under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, as well as the statutory law of Illinois.  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338, as the  federal trademark claims herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims in this civil action.  The Court also has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because there is

complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.     This Court has personal jurisdiction over the Defendant, who, among other things, conducts business and is engaging in the infringing and otherwise unlawful acts set forth in this Complaint in this District.

8.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims herein have occurred, and will occur, in this District.

## **PARTIES**

9.     Frankie's is an Illinois limited liability corporation with its principal offices located at  2322 North Clark Street, Chicago, Illinois.  Frankie's has retail store operations in Chicago, Illinois and Santa Monica, California.   Frankie's operates a premier nationwide ecommerce site for girls and tweens at www.frankiesonthepark.com and a leading social media presence on Instagram (@frankiesonthepark), Facebook, and Tik Tok with over 29,000 actively engaged followers.   Frankie's has activated more than 20 experiential retail Pop Up Shops throughout the United States in the last 14 months, including in New York, Dallas, D.C., Miami and San Francisco.

10.     Defendant Francesca's is a Delaware limited liability corporation, with a primary business address at 8760 Clay Road, Houston, Texas.   Francesca's  operates retail clothing stores and ecommerce throughout the United States, including in Illinois through the www.frankishop.com web site and several locations in this District under the FRANCESCA'S brand.   In November 2021, Francesca's launched the FRANKI brand as a standalone retail store and ecommerce site geared to tweens.  FRANKI and Frankishop are virtually identical in sound,

4

appearance and meaning as FRANKIE'S™ and the dominant portion of FRANKIE'S ON THE

PARK®.  The services and area and manner of use are identical--retail and ecommerce services

and social media persona targeted to tweens. Such use creates a likelihood of confusion between

Frankie's use of FRANKIE'S and FRANKIE'S ON THE PARK and Francesca's use of

FRANKI in connection with identical and competitive services.   To the extent Francesca's is a

much larger enterprise, the substantial use of FRANKI in competition with FRANKIE'S poses

the serious likelihood of reverse confusion, such that consumers would view Frankie's as a

copycat.

## FACTUAL BACKGROUND

11.     Frankie's started as a retail clothing and accessories boutique in Chicago, Illinois

catering to girls, tweens and their parents under the name FRANKIE'S ON THE PARK® in

2008.    From the outset, Frankie's has consistently used the nickname "Frankie's" in connection

with the store's operations because of its association with the founder's daughter, Frankie.    The

nickname has stuck and achieved strong consumer acceptance.  From its  beginnings as a small

store to its current national presence and multi-million dollar enterprise, Frankie's has become

known to relevant consumers and the trade as simply FRANKIE'S, a premier nationwide

ecommerce site for girls and tweens and an omnichannel (i.e. retail, pop-up, ecommerce and

social media) retailer and lifestyle experience.

12.     Frankie's has made substantial investments and developed substantial common-

law trademark rights in and to FRANKIE'S and  FRANKIE'S formatives such as FRANKIE'S

Fashionistas, FRANKIE'S Girls, FRANKIE'S Pop Ups, FRANKIE'S Squads, FRANKIE'S

Finds,   FRANKIE'S Exclusives and FRANKIE'S Fashion Camp all developing rights in and to

the FRANKIE'S mark.  Frankie's and  FRANKIE'S have become synonymous with tween

fashion.   Examples of Frankie's use of FRANKIE'S  and FRANKIE'S formative marks are

5

annexed collectively hereto as Exhibit A. Examples of customer use of FRANKIE'S to refer to Frankie's are annexed collectively as Exhibit B.

13. Frankie's has invested heavily in the FRANKIE'S and related marks, expending substantial resources in marketing its brand. Examples of uses of FRANKIE'S and FRANKIE'S ON THE PARK at retail and in ecommerce and social media are annexed hereto as Exhibit C.

14. Frankie's has received a tremendous amount of unsolicited third party publicity for its unique concepts and omnichannel merchandising to tweens, including press coverage in business and trade publications, organic social media acclaim and recognition in national print and online publications such as Earnshaws, Teen Vogue, Refinery 29, and regional publications such as Chicago Tribune, Chicago Sun-Times, Crain's Chicago Business and Chicago Magazine. Earnshaw's, the leading national voice of the children's fashion industry since 1917, proclaimed that Frankie's is "Knocking it Out of the Park" and celebrated Frankie's for its national success in "inspiring tweens with age appropriate fashion and the value of giving back." Examples of this publicity are annexed hereto as Exhibit D.

15. As part of its mission, Frankie's has also donated substantially to local and national charities, including University of Chicago's Comer Children's Hospital, Lurie Children's Hospital, LaRabida Children's Hospital, UCLA Mattel Children's Hospital, and Present Now. Frankie's has sponsored dozens of charitable events that reinforce positive goodwill of giving back by connecting FRANKIE'S with helping children and families, particularly in ways that involve its FRANKIE'S Girls, customers and ambassadors.

16. Frankie's has had substantial commercial success as a result of its use of FRANKIE'S formative marks in connection with the sale of girls and tween clothing in bricks and mortar stores, retail pop-ups and through ecommerce. Frankie's net sales have exceeded

$12,000,000 dollars since inception.   Over the past 18 months Frankie's has experienced accelerating growth in its ecommerce and pop-up channels in terms of revenue and number of customers/purchasers and especially new customers.

17.     In addition to its enforceable trademark rights in and to FRANKIE'S ON THE PARK and FRANKIE'S marks, Frankie's is the owner of United States Trademark registration number 3746814, for FRANKIE'S ON THE PARK for use in connection with retail store services featuring children's clothing, shoes, jewelry and accessories, retail store services, available through computer communications featuring children's clothing, shoes, jewelry and accessories.   The registration is valid and subsisting. A copy of the trademark registration certificate is annexed as Exhibit E.

18.     By virtue of its ownership of a United States Trademark Registration the FRANKIE'S ON THE PARK ®, Frankie's has, among other things, the prima facie right of ownership of FRANKIE'S ON THE PARK mark and the right to use that mark in connection with retail store services in the field of children's clothing.  In addition, as a result of this registration, and pursuant to 15 USC § 1072, Defendant had at least constructive notice of Frankie's trademark rights in and to the FRANKIE'S ON THE PARK mark when Defendant decided to launch its competitive FRANKI brand.

19.     In addition to its registration, Frankie's has priority of right of use of FRANKIE'S through its extensive use of FRANKIE'S, FRANKIE'S ON THE PARK, FRANKIE'S Fashionistas, FRANKIE'S Girls, FRANKIE'S Pop Ups, FRANKIE'S Squads, FRANKIE'S Finds,   FRANKIE'S Exclusives and FRANKIE'S Fashion Camp with respect to retail store services and ecommerce services by virtue of its extensive use in connection with the sale of clothing and accessories to tween girls and their parents. As a result of Frankie's extensive

promotion of its services, the FRANKIE'S and FRANKIE'S ON THE PARK marks have become associated with high-quality and innovative retail and ecommerce services.

20.     Frankie's  use of FRANKIE'S ON THE PARK and FRANKIE'S marks has specifically developed consumer recognition and goodwill in and to the FRANKIE'S mark.

21.     All of the investment of 13+ years in building the FRANKIE'S brand is being threatened today by the actions of Francesca's in adopting FRANKI as its standalone brand for its retail and ecommerce outlets, social media presence, and pop up experiences to sell clothing to tween girls.   This is virtually the identical brand targeted to the identical audience through the exact same means.

22.     On November 5, 2021, Frankie's became aware that Francesca's intended to launch a FRANKI standalone brand.

23.     Francesca's has used and, on information and belief, intends to use FRANKI as a standalone brand in connection with retail store services and ecommerce services. Sometimes, FRANKI is accompanied by "by francesca's" in smaller type face designed to show FRANKI as the dominant component. Attached as Exhibit F are examples of Francesca's use of FRANKI in connection with standalone retail stores and ecommerce.   Attached as Exhibit G are trade articles referring to Francesca's intent to launch FRANKI standalone boutiques for tweens. Third parties, such as shopping malls, already refer to the FRANKI stores without any reference to Francesca's. Attached as Exhibit H is a shopping mall directly listing the Houston, Texas FRANKI standalone boutique without any reference to Francesca's.

24.     FRANKI, FRANKI by francesca's and Frankishop are virtually identical in appearance, sound and meaning to FRANKIE'S, and are being used by Francesca's in

connection with identical and directly competitive services targeted to the identical market under the FRANKI mark.

25.     Francesca's use of FRANKI and Frankishop.com is likely to cause confusion between Franki and Frankie's and irreparably harm Frankie's goodwill and reputation that Frankie's has worked to achieve for 13 + years.   For example, when conducting searches on the internet, it is readily apparent that there is likely to be confusion.   Due to the similarity of the marks and the identical and competitive nature of the services, whether someone searches for "Frankie's girls" or "Frankie's tween" on Google, the search results and/or suggested related searches include both Franki and Frankie's ecommerce sites.  See attached results as Exhibit I.

26.     Because Francesca's is the Goliath operation and sells inexpensive clothing, any confusion in the public is likely to harm Frankie's reputation for high quality tween fashion apparel.

27.     As a result of Francesca's use of FRANKI, Frankie's services are likely to be confused as originating from Franki, with such confusion harming Frankie's.   It reduces the value of Frankie's trademark rights and business, as well as its control over its goodwill and reputation.  It will also harm Frankie's ability to continue its effective strategy of exclusive Pop Up Shops in key markets.  Frankie's will likely be viewed as a higher priced version of FRANKI or copycats, not the innovators we have been for more than 13 years.  Whether forward or reverse confusion, it will likely damage the goodwill and brand that Frankie's has built.

28.     On November 9, 2021, shortly after learning of Defendant's launch of FRANKI as a standalone retail and ecommerce brand, Frankie's formally objected to Defendant's use of FRANKI in connection with retail store services by letter.  Although Frankie's has attempted in good faith to seek an amicable resolution with Defendant, Francesca's instead launched an

77313996v.10

additional ecommerce site on November 15, 2021, www.frankishop.com and continued its other efforts in support of the FRANKI brand.   Thus, Francesca's actions are knowing and/or willful and designed to gain

**COUNT ONE**

**FEDERAL UNFAIR COMPETITION**

**(in violation of 15 U.S.C. § 1125(a))**

29.     Frankie's repeats and realleges the foregoing allegations of this Complaint as if fully set forth herein.

30.     As a result of its substantial investment, use and consumer acceptance of the FRANKIE'S trademark, Frankie's has developed valid and enforceable trademark rights in and to the FRANKIE'S trademark for use in connection with and a trusted source of retail store, retail pop up and ecommerce services geared to the sale of children's and tween clothing and accessories.

31.     Francesca's use of FRANKI on its own or with other words, such as  FRANKI by francesca's (in a font size that de-emphasizes "by Francesca's")  and "Frankishop" as used in connection with retail store, retail pop up and ecommerce services geared to the sale of children's and tween clothing and accessories is likely to confuse the relevant consuming public as to the source of origin of these services, and/or believing that FRANKI and FRANKIE'S are related, associated or affiliated, when this is not the case.

32.     Defendant's use of FRANKI on its own or with other words in connection with retail store and ecommerce services  has been and is without the permission or authority of Frankie's, was as of November 10, 2021 with actual knowledge of Frankie's's rights and objection.

10

33.     Defendant's continued use of FRANKI in connection with retail store and ecommerce services after November 10, 2021 has been with full knowledge of Frankie's rights in and to the FRANKIE'S mark.  Such acts are without Frankie's authority or consent, and are likely to cause confusion among relevant consumers and members of the trade as to the source of origin of Franki's services provided under the FRANKI mark, as well as to falsely suggest a connection or association between Frankie's and Franki.  Among other things, consumers are likely to believe that Frankie's is a higher cost version of Franki or a copycat store or is otherwise affiliated with Franki.

34.     Franki's activities have and will likely continue to result in irreparable harm and injury to Frankie's, in that, among other things, they deceive the relevant consuming public and trade as to the origin of and sponsorship or association between Frankie's and Franki; they deprive Frankie's of its right to control the nature, design and quality of services associated with the FRANKIE'S mark, they injure Frankie's relationships with its trade customers and consumers; and they wrongfully trade upon Frankie's reputation and goodwill which is embodied in the FRANKIE'S mark, which it has heavily invested in and continues to invest.

35.     Franki's use of FRANKI constitutes the use in commerce constitutes unfair competition in the nature of false designation of origin in violation of 15 U.S.C. § 1125(a), in that such use is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Franki with Frankie's, or as to the origin, sponsorship, or approval of Franki's  retail store, retail pop up and ecommerce services geared to children, tweens and their parents, constituting a false designation of origin and unfair competition. Franki's unlawful and improper actions are likely to cause confusion, mistake, or deception as to the source, origin,

77313996v.10

affiliation, association or sponsorship of Franki's services and falsely mislead consumers into believing that Franki's services are affiliated or connected with, or approved by, Frankie's.

36.     As a direct and proximate result of Franki's actions, Frankie's has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputations, and goodwill.

37.     Frankie's has made reasonable, good faith efforts to try and resolve this matter. Since November 10, 2021,  Defendant's conduct has been in willful and intentional disregard of Frankie's rights, making this an "exceptional" case. within the meaning of 15 U.S.C. § 1117 (a).

38.     Frankie's has no adequate remedy at law.  If  Franki's retail store, retail pop up and ecommerce services, and social media persona are not enjoined, Frankie's will continue to suffer irreparable harm and injury to its goodwill and reputation. Frankie's cannot be adequately compensated for these injuries by damages alone, and Frankie's has no adequate remedy at law. Frankie's is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 to prevent Franki and all those acting in concert with it from engaging in activities are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Franki and Frankie's.

39.     Since Franki's actions, since at least November 10, 2021 have been with full knowledge of Frankie's rights and objection, Frankie's is entitled to its reasonable attorneys' fees since November 10, 2021,  and damages, which may be trebled in light of Franki's knowing and/or willful actions.

**COUNT TWO**

**FEDERAL TRADEMARK INFRINGEMENT**

**(in violation of 15 U.S.C. §1114)**

40.     Frankie's repeats and realleges the foregoing allegations of this Complaint as if fully set forth herein.

12

41.     Franki's use of FRANKI and other terms confusingly similar to FRANKIE'S ON THE PARK constitutes infringement of Frankie's registered trademark, in violation of the Lanham Act, 15 U.S.C. § 1114.

42.     Franki's acts of infringement have caused Frankie's to sustain monetary damage, loss and injury, in an amount to be determined at trial.

43.     Franki's  activities have been with constructive notice of Frankie's rights, and, after November 10, 2021 with actual knowledge of Frankie's rights, , so as to justify the assessment of treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

44.     Franki's acts of infringement, unless enjoined by this Court, will continue to cause Frankie's to sustain irreparable damage, loss and injury, for which Frankie's has no adequate remedy at law.

## COUNT THREE

## ILLINOIS  COMMON LAW UNFAIR COMPETITION

45.     Frankie's repeats and realleges the foregoing allegations of this Complaint as if fully set forth herein.

46.     Franki's actions constitute unfair competition under the common law of the State of Illinois .

47.     Frankie's has suffered and/or will suffer injury in fact as a result of Franki's actions causing a likelihood of confusion between Franki's retail store, retail pop up and ecommerce services advertised and provided under the FRANKI mark and and Frankishop web site and Frankie's retail store, retail pop up  and ecommerce services advertised and provided under the FRANKIE'S mark.

48.     Frankie's has no adequate remedy at law, and if not enjoined, Franki's retail store, retail pop up and ecommerce services, and social media persona will cause immediate and irreparable injury to Frankie's, its trademark rights and its business reputation and goodwill. Frankie's is therefore entitled, pursuant to the common law of the State of Illinois, to an injunction preventing Defendant, their officers, agents and employees, and all those acting in concert with them from engaging in any further acts of unfair competition.

## COUNT FOUR

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES

**(in violation of 815 ILCS § 510/1, et seq.)**

49.     Frankie's repeats and realleges the foregoing allegations of this Complaint as if fully set forth herein.

50.     Franki's use of FRANKI causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Frankie's in violation of the Illinois Uniform Deceptive Trade Practices, Act.

51.     Frankie's has suffered and/or will suffer injury in fact as a result of Franki's actions causing a likelihood of confusion between Franki's retail store, retail pop up and ecommerce services advertised and provided under the FRANKI mark and Frankie's retail store, retail pop up and ecommerce services advertised and provided under the FRANKIE'S mark.

52.     Frankie's has no adequate remedy at law, and if not enjoined, Franki's retail store, retail pop up and ecommerce services, and social media persona will cause immediate and irreparable injury to Frankie's, its trademark rights and its business reputation and goodwill. Frankie's is therefore entitled, pursuant to 815 ILCS § 500/3, to an injunction preventing Franki, their officers, agents and employees, and all those acting in concert with them from engaging in

14

any further actions that are likely to cause confusion or of misunderstanding as to affiliation, connection, or association with or certification among Franki and Frankie's.

53.     Franki's actions since November 10, 2021, have been willful, entitling Frankie's to its costs and attorney's fees pursuant to 815 ILCS § 500/3

WHEREFORE, FRANKIE'S RESPECTFULLY PRAYS:

1.      That this Court issue a temporary, preliminary and permanent injunction prohibiting Franki, its agents, servants, employees, officers, attorneys, successors and assigns and all persons acting on its behalf from:

   a.   Using FRANKI or any mark or name which is confusingly similar to FRANKIE'S, including Frankishop, in connection with the operation, advertising, provision or sale of retail store, retail pop up or ecommerce services geared to children, tweens and their parents;

   b.   representing that any services provided, distributed, sold, or advertised by Franki are sponsored or authorized by or affiliated with Frankie's; and

   c.   otherwise using FRANKI or a similar mark or derivation or formative thereof in any manner likely to cause confusion as to the source, origin, sponsorship or affiliation of any service provided, offered or sold by Franki.

2.      That Franki be ordered to deliver up for destruction or other disposition all labels, signs, prints, packages, wrapper, advertisements or related materials used in connection with the advertising, promotion and/or sale of retail store, retail pop up and/or ecommerce services bearing FRANKI;

3.      That Frankie's recover damages arising out of Franki's infringement and unfair competition, and that such award be trebled with respect to damages accrued after November 10, 2021 pursuant to 15 U.S.C. § 1117;

4.      That Frankie's be awarded its reasonable attorneys' fees and expenses incurred after November 10, 2021 pursuant to 15 U.S.C. § 1117 and 815 ILCS § 500/3 ;

15

5.     That the Court grant such other relief to which Frankie's may be entitled, or as the Court deems to be reasonable, necessary and just.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

SEYFARTH SHAW LLP

Dated:  November 19, 2021          By: _____*Kevin J. Mahoney*_____
                                          Attorneys for Plaintiff
                                          MY SISTERS AND ME, LLC, an Illinois
                                          Limited Liability Company D/B/A
                                          FRANKIE'S ON THE PARK A/K/A
                                          FRANKIE'S

Bart A. Lazar
Kevin J. Mahoney
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606
blazar@seyfarth.com
kmahoney@seyfarth.com
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

*Attorneys for Plaintiff*